UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 113C1:12CR20042- Martinez

UNITED STATES OF AMERICA,

vs.

EZEQUIEL MOJICA

    Defendant
_____/

OBJECTIONS TO SENTENCING GUIDELINE COMPUTATION AND
PRESENTENCE INVESTIGATION REPORT
WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant Ezequiel Mojica, by and through undersigned counsel, and respectfully files the following objections to the Sentencing Guideline Computation and statements made in the Presentence Investigation Report, stating specifically:

**Factual Clarifications to Presentence Investigation Report**
**(Do not affect guidelines)**

As to paragraph 15, at least three other individuals have been identified.

As to paragraph 36, (other arrests) the incident referred to was a red light traffic camera. It did not involve an arrest it was simply a traffic citation.

As to paragraph 37, the probation office has spoken to Olga Azar regarding the Defendant.

As to paragraph 50, Defendant finished his classes in 1991 but did not officially receive his degree until 1996.

As to paragraph 59, Defendant is the elected secretary of the Board of the YMCA of Latin America from 2009-2014.

As to paragraph 68, For tax year 2008 the Adjusted Gross Income is $8955.

## Factual Objections to Presentence Investigation Report

As to paragraph 15, the only victim in this case would be the Internal revenue Service since they are the only person that suffered a loss or an intended loss.

As to paragraph 16, Mr. Mojica received 10% of the face value of the check for negotiating the check. He was a minor participant in that his only job was to take the checks to a third party who would take them to a check cashing store to cash them.

As to paragraph 22, the loss amount in this case was approximately $35,000. As such the increase should be 6 levels not 8.

As to paragraph 23, a two level enhancement does not apply because the only victim was the Internal Revenue System. Under the Sentencing Guidelines the offense level of a fraud crime is not enhanced if the fraud involved less than ten victims. U.S.S.G. § 2B1.1(b)(2).

If the government seeks a sentencing enhancement based on the number of victims, it must prove the number of victims by the preponderance of the evidence. *See Victim Primer (§ 2B1.1(b)(2))*, O.G.C. U.S. Sentencing Commission, Page 3, March 2012 (citing *United States v. Arnaout*, 431 F.3d 994, 999 (7th Cir 2005)). "Victim" means (A) any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense. "Person" includes individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies "The Guidelines do not … allow a district court to estimate the number of victims to enhance a sentence under § 2B1.1(b)(2)." *Id.* (quoting *United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009)).

As to paragraph 25, Defendant is entitled to a minor role and a two level reduction as stated above.

Accordingly, the Sentence Guideline Computation should be calculated as follows:

| | |
|---|---|
| Base Offense - §2B1.1(a)(2) | Level 6 |
| Specific Offense Characteristics - | |
| Adjustment per §2B1.1(b)(1)(D) | +6 |
| Adjustment for minor role §3B1.2(b) | -2 |
| Adjusted Offense Level Subtotal - | Level 10 |
| Adjustment for Accept. of Responsibility 3E1.1(a) | -2 |
| Total Offense Level | Level 8 |

WHEREFORE, Defendant Ezequiel Mojica respectfully moves this Honorable Court to adopt the above stated changes in the Sentencing Guideline Computation and Presentence Investigation Report.

Respectfully submitted,

s/s MARTIN J. BEGUIRISTAIN

### Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing was electronically filed using CM/ECF on June 29, 2012.

s/s MARTIN J. BEGUIRISTAIN
12930 SW 128th Street, Suite 103
Miami, FL 33186-6038
Tel: 305-251-2302
Fax: 305-252-7392
Florida Bar #0146072